**CHRISTENSEN JAMES & MARTIN**
KEVIN B. CHRISTENSEN, ESQ.
Nevada Bar No. 000175
SARA D. COPE, ESQ.
Nevada Bar No. 10329
7440 W. Sahara Ave.
Las Vegas, NV 89117
Tel.: (702) 255-1718
Facsimile: (702) 255-0871
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND, by and through its designated fiduciary, Todd Koch; NORTHERN NEVADA PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING TRUST, by and through its designated fiduciary, Todd Koch, <br><br> Plaintiffs, <br><br> v. <br><br> BAKER DRYWALL, INC., a Nevada Corporation; WALTER BAKER, an individual; PLATTE RIVER INSURANCE COMPANY; John Does I-XX, inclusive, and Roe Entities I-XX, inclusive, <br><br> Defendants. | Case No.: <br><br><br> Complaint for Breach of Contract <br> [29 USC § 1132 and § 185(a)] <br><br><br> Date: N/A <br> Time: N/A |

COME NOW the above-named Plaintiffs, the EMPLOYEE PAINTERS' TRUST HEALTH & WELFARE FUND, by and through its designated fiduciary, Todd Koch and the NORTHERN NEVADA PAINTERS AND ALLIED TRADES JOINT APPRENTICESHIP AND TRAINING TRUST, by and through its designated fiduciary, Todd Koch ("Plaintiffs" or "Trust Funds"), and by and through their attorneys, Christensen James & Martin, and for their causes of action against the above-named Defendants, allege as follows:

1. This Court has jurisdiction of this case pursuant to § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)] and § 502(e) of the

Employee Retirement Income Security Act of 1974, as amended [29 U.SC. § 1132(e)(1)]. Pursuant to 28 U.S.C. § 1367 this Court has ancillary jurisdiction over any secondary causes of action.

2. The Trust Funds are express trusts created pursuant to written declarations of trust ("Trust Agreements") between the International Union of Painters and Allied Trades, Local Union No. 567, District Council 16 (hereinafter "Union") and the employers who have executed Master Agreements and/or Collective Bargaining Agreements with the Union, including Baker Drywall, Inc. The Trust Funds were created and now exist pursuant to § 302(c) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 186(c)].

3. At all times material herein, the Union has been a labor organization representing employees in the painting, drywall and decorating industries in Nevada and a labor organization representing employees in an industry affecting commerce within the meaning of § 301(a) of the Labor Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)]. This Court has jurisdiction of this case under § 301(a) of the Labor-Management Relations Act of 1947, as amended [29 U.S.C. § 185(a)] and § 502(e) of the Employee Retirement Income Security Act of 1974, as amended [29 U.S.C. § 1132(e)(1)].

4. The Plaintiffs are informed, believe and thereon allege that at all times material herein, the Defendant Baker Drywall, Inc. ("Baker Drywall" or "Employer") has been and is a Nevada corporation authorized to do business in the State of Nevada and is an employer engaged in an industry affecting commerce.

5. The Plaintiffs are informed, believe and thereon allege that at all times material herein the Defendant Walter Baker ("W Baker") has been present and doing painting, drywall and decorating business in the State of Nevada and is an officer, director, or individual whose employment duties with Baker Drywall required decision making regarding the payment of funds and monies from Baker Drywall to the Trust Funds.

6. The Plaintiffs are informed, believe and thereon allege that at all times material herein, Defendant W Baker was a controlling member, shareholder, manager, director, officer, principal and/or key employee of Baker Drywall.

7. The Trust Funds are informed, believe and thereon allege that Platte River Insurance Company ("Platte") issued to Baker Drywall Surety Bond No. 41125722 ("Bond"). The Trust Funds believe that additional bonds may have been issued by Platte or other insurance/bonding companies to Baker Drywall. The Trust Funds reserve the right to amend the Complaint to insert any additional charging allegations against other such bonds and/or the companies that issued them.

8. The Trust Funds are informed, believe and thereon allege that the delinquencies identified herein are properly payable out of the proceeds of the Bond.

9. The identities of JOHN DOES I through XX and ROE CORPORATIONS I through XX, are presently unknown to the Trust Funds, who therefore sue said Defendants by fictitious names. Plaintiffs reserve the right to amend the Complaint to insert any additional charging allegations, together with the true identities and capacities of said Defendants, when the same have been ascertained. The Trust Funds specifically reserve their right to amend the Complaint to name any bonding company and any director, corporate officer and/or individual of Baker Drywall as a Defendant in order to collect any delinquency not satisfied by Baker Drywall, including any delinquency discovered by audit.

## FIRST CAUSE OF ACTION

[Breach of Contract – 29 U.S.C. § 1132(e) - All Defendants]

10. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 9, as though set forth hoc verba.

11. Baker Drywall executed and delivered a certain Master Agreement with the Union on June 30, 2008, whereby Baker Drywall agreed to be bound by the terms and conditions of the Master Agreement. Baker Drywall also agreed to abide by the terms and provisions of each of the Trust Agreements utilized to create the Trust Funds. The Trust Funds are intended beneficiaries of the Master Agreement and the Trust Agreements.

12. At all times relevant herein, Baker Drywall has been obligated by the terms and provisions of the Master Agreement and the Trust Agreements.

-3-

13. At all times material herein, Baker Drywall was obligated by the Master Agreement and the Trust Agreements to submit written reports to the Trust Funds on a timely basis showing the identities of its employees performing work covered by the Master Agreement, and the number of hours worked by or paid to these employees. Further, Baker Drywall promised that it would pay fringe benefit contributions to the Trust Funds on a monthly basis and at specified rates for each hour worked by or paid to its employees covered by the Master Agreement. At all times material herein, Baker Drywall was obligated to submit said monthly reports and pay said contributions to the Trust Funds.

14. The Plaintiffs are informed, believe and thereon allege, that Baker Drywall has failed to pay certain fringe benefit contributions and/or contract damages, plus accruing interest, liquidated damages, attorney's fees and costs as required by the Master Agreement and the Trust Agreements.

15. By the Master Agreement and Trust Agreements, and 29 U.S.C. § 1132(g)(2), Baker Drywall agreed to be and was deemed contractually delinquent when Baker Drywall failed to remit reports and pay contributions and/or other contract damages, interest, liquidated damages, attorney's fees, audit costs and court costs when due ("Delinquency"). Baker Drywall is delinquent to the Trust Funds and is obligated by the Master Agreement and/or the Trust Agreement to pay to the Trust Funds liquidated damages and interest on the amounts due. The Trust Funds allege that liquidated damages and interest are due to the Trust Funds by Baker Drywall in an amount to be established by proof at trial herein.

16. By the Master Agreement and Trust Agreements, Baker Drywall also agreed that in the event of a delinquency, it would pay all court costs and/or audit costs incurred in connection therewith, whether before or after litigation is commenced.

17. It has been necessary for the Trust Funds to engage the law firm of Christensen James & Martin to collect any and all amounts due. Pursuant to the Master Agreement, Trust Agreements and 29 U.S.C. § 1132(g)(2), the Trust Funds are entitled to recover their reasonable attorney's fees.

-4-

18. Pursuant to 29 U.S.C. § 1132(g)(2), Baker Drywall owes the Trust Funds accrued interest at the rates established pursuant to 26 U.S.C. § 6621 on all unpaid contributions and damages from the dates the sums were originally due to the Trust Funds and thereafter, until paid in full. The amount of said interest will be established by proof at trial.

19. According to the Master Agreement and the Trust Agreements, Baker Drywall must permit the Trust Funds and their agents to conduct compliance audits of its payroll and related records in order to determine the exact amount of fringe benefit contributions and contract damages due and owing the Trust Funds.

20. The Trust Funds are entitled to obtain payroll and related records necessary to complete a compliance audit of Baker Drywall and to recover a sum equal to any and all unpaid fringe benefit contributions discovered in the audit and contract damages, plus accruing interest, liquidated damages, attorney's fees, costs of suit and audit costs.

## SECOND CAUSE OF ACTION

[Personal Liability - Master Agreement and Trust Agreements - W Baker]

21. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 20, as though set forth hoc verba.

22. At all times material herein, Defendant W Baker became personally bound to the terms of the Master Agreement and related Trust Agreements when he executed the Master Agreement with the Union.

23. Defendant W Baker is personally liable under the Master Agreement and related Trust Agreements for all unpaid fringe benefit contributions and contract damages, plus accruing interest, liquidated damages, attorney's fees, costs of suit and audit costs: "Therefore, in the event any corporate Participating Employer which is obligated to make contributions to the Trust fails to make such contributions, the President, the Treasurer, and any other corporate officer who is responsible for payment of contributions by the corporation to the Trust Fund shall be each individually liable for the payment of contributions and any other amount due under this Article VIII, and under applicable Federal law, 29 U.S.C. Section 1132(g)." *Employee Painters' Trust Amended and Restated Trust Agreement*, Art. VIII, pp. 24-25.

24. The Trust Funds are entitled to recover from W Baker a sum equal to the Delinquency in an amount to be established by proof at trial.

### THIRD CAUSE OF ACTION

[Breach of Fiduciary Duty - 29 U.S.C. §§ 1002, 1104, 1109 - W Baker]

25. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 24, as though set forth hoc verba.

26. Defendant W Baker and one or more of the DOE and ROE Defendants ("Fiduciary Defendants") exercised authority and control relating to the management or disposition of Trust assets established pursuant to the terms and provisions of the Master Agreement, Trust Agreements and 29 C.F.R. §2510.3-102. Fiduciary Defendants are therefore fiduciaries for the purposes of ERISA.

27. The actions of Fiduciary Defendants in failing to make required contributions to the Trust Funds materially harmed the Plaintiff Trust Funds, placed the beneficiaries of the Trust Funds at risk with regard to their benefits and constitute a breach of their respective fiduciary duties to the Plaintiff Trust Funds and their beneficiaries.

28. The Plaintiff Trust Funds are entitled to recover a sum equal to the Delinquency from the Fiduciary Defendants and to obtain payroll and related records necessary to complete their compliance audit of Baker Drywall.

### FOURTH CAUSE OF ACTION

[Demand for Relief on Bond - Platte]

29. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 28, as though set forth hoc verba.

30. No part of the proceeds of the Bond has been paid to the Plaintiffs. Plaintiffs are third party beneficiaries to the Bond.

31. Plaintiffs' claims as set forth herein against Baker Drywall are covered by the Bond. Accordingly, any Bond proceeds should be applied to pay Plaintiffs in satisfaction of their claims alleged herein.

///

## FIFTH CAUSE OF ACTION

[Injunctive Relief – 29 U.S.C. § 1132(a)(3) - All Defendants]

32. Plaintiffs herein restate and reallege the allegations contained in paragraphs 1 through 31, as though set forth herein hoc verba.

33. That the Defendants' actions in failing to submit reports and pay required contributions, as described herein, constitute violations of ERISA [29 U.S.C. §1001 et seq.].

34. That the contract breaches and violations of ERISA identified above harm the Trust Funds and place at risk the Trust Funds' ability to provide required employee benefits to their beneficiaries.

35. That Plaintiffs' remedies at law are not sufficient to adequately compensate the Trust Funds or their beneficiaries from past harm caused by said violations, or to protect them from harm or threat of harm caused by similar future violations.

36. That Plaintiffs are likely to prevail on the merits of their claims.

37. That Plaintiffs are entitled to injunctive relief affirmatively compelling Defendants to submit and pay all monthly contribution remittence reports and contribution amounts on a timely basis.

38. That Plaintiffs are entitled to injunctive relief affirmatively compelling Defendants to submit to a compliance audit and to report and pay Plaintiffs all past due contributions and related damages, if any.

## PRAYER FOR RELIEF

WHEREFORE, the Trust Funds pray for Judgment against Defendants, and each of them, as follows:

1. for unpaid fringe benefit contributions in amounts to be proved at trial;
2. for liquidated damages in amounts to be proved at trial;
3. for accrued interest on all unpaid contributions and damages from their due dates until paid;
4. for Plaintiffs' reasonable attorney's fees;
5. for Plaintiffs' costs of suit and audit costs incurred herein;

6. for the Court's Order affirmatively compelling the Defendants to deliver to the Trust Funds all payroll and related records necessary to permit the Trust Funds to perform a compliance audit;

7. for the Court's Order affirmatively compelling Defendants to submit all past due monthly contribution remittance reports and to pay to the Trust Funds all past due contribution amounts and related damages;

8. for the Court's Order affirmatively compelling the Defendants to pay all monthly contribution remittance reports and contribution amounts to the Trust Funds on a timely basis;

9. for such additional relief as may be provided for by 29 U.S.C. 1132(g); and

10. for such additional relief as this Court may deem just and proper under the circumstances.

DATED this 29 day of April, 2010.

CHRISTENSEN JAMES & MARTIN

By: _____
Sara D. Cope, Esq.
7440 W. Sahara Avenue
Las Vegas, NV 89117
*Attorneys for Plaintiffs*

-8-